Argued November 1, reversed November 23, petition for
rehearing denied December 7, 1955

## MOEN *v.* LERFALD

289 P. 2d 1084

*Robert W. Collins,* of Pendleton, argued the cause
for appellant. With him on the brief was Raymond S.
Danner, of Pendleton.

*William E. Hanzen,* of Pendleton, argued the cause
and filed a brief for respondent.

Before WARNER, Chief Justice, and TOOZE, BRAND,
and LATOURETTE, Justices.

PER CURIAM.

This is an appeal by the plaintiff from a judgment for defendant entered on the pleadings in an action to collect on a $500 n.s.f. check. Defendant gave the check in question on May 31, 1954, as earnest money on a real estate transaction wherein plaintiff was the seller and defendant the buyer. On June 1, 1954, a contract of purchase and sale was entered into by the parties for the sum of $13,500, it being agreed that the $500 earnest money should be applied on the purchase price. The contract provided that upon acceptance of title and delivery of deed, defendant should pay an additional $2,000, and the proceeds of a FHA loan and if the loan did not equal the balance of $11,000, then the difference to be evidenced by a note payable at $25 per month.

The answer admits the delivery of the check in question, its refusal of payment by the bank for lack of funds, and that said check has never been paid.

As a separate defense, defendant alleges, inter alia, that the check was to "be held and not cashed for the reason defendant did not have sufficient funds on deposit in the bank to cover said check", and that as a condition precedent to the payment of any sums of money, other than the earnest money, plaintiff was to make certain improvements on the premises and was to furnish defendant with a title insurance policy covering the premises showing a marketable title in plaintiff, and deliver possession of the premises to defendant on or before July 1, 1954, time being of the essence of the contract; that plaintiff failed and neglected to make the improvements agreed upon and failed to tender a deed and furnish a title insurance policy, and as a result thereof, defendant, on July 2, 1954, rescinded the agreement.

Defendant further alleged that the agreement was mutually rescinded by both parties and that plaintiff is estopped from recovering any part of purchase price from defendant.

Plaintiff, by his reply, denies each and every allegation contained in defendant's answer. He then alleges that when the check in question was drawn, it was agreed that the defendant did not have sufficient funds in the bank to cover the check and that the check should be held until the parties signed the contract, at which time the check would be deposited for collection. He further alleges that on the 4th day of June, 1954, defendant repudiated the agreement and declared that the writing was cancelled by him and in all respects rescinded.

The court erred in entering the judgment. There are several issues presented by the pleadings. If, as alleged by plaintiff, the check was payable when the contract was signed by the parties, and defendant failed thereafter to honor the check, or if defendant otherwise repudiated the contract on June 4, 1954, then defendant was guilty of a breach of the contract and plaintiff would be entitled to recover the amount of the check because the contract stated "the earnest money herein receipted for shall be forfeited to the seller as liquidated damages and this contract shall be of no further binding effect". On the other hand, if plaintiff failed to carry out his obligations under the contract, as alleged in the answer, or the agreement was mutually rescinded, he would not be entitled to recover on the check.

Reversed with instructions to proceed to trial.